IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvin Edwards, #27242-018, ) | C/A No.: 1:17-1663-RBH-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Warden Gio Ramirez, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Calvin Edwards ("Petitioner"), proceeding *pro se*, is an inmate incarcerated at the Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina, in the custody of the Federal Bureau of Prisons. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without requiring the respondent to file an answer.

I.  Factual and Procedural Background

A review of Petitioner's criminal case reflects that on January 22, 2009, he pled guilty to possession with intent to distribute five or more grams of cocaine base. *See United States v. Edwards,* No. 6:08-cr-272-CEH-KRS, ECF No. 33 (M.D. Fl. Apr. 29, 2009).[1] On May 4, 2009, the court entered a judgment sentencing Petitioner to 192

---

[1] The court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of

months imprisonment. *Id.*, ECF No. 39. Petitioner filed an appeal challenging his sentence and conviction on June 2, 2009, which the Eleventh Circuit Court of Appeals denied on December 7, 2009. *Id.*, ECF Nos. 41, 64. On September 16, 2010, Petitioner filed a pro se motion to vacate judgment under 28 U.S.C. § 2255, which the district court denied on April 11, 2011. *Id.*, ECF Nos. 68, 69. Petitioner filed a second § 2255 motion to vacate on July 13, 2016, which the district court denied on August 8, 2016. *Id.*, ECF Nos. 77, 78. Petitioner filed the instant petition arguing the court erroneously sentenced him as a career offender in light of the holding in *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). [ECF No. 1-1 at 3–4]. Petitioner seeks resentencing. *Id.* at 9.

II.  Discussion

    A.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a

---

ascertainable facts is in noticing the content of court records.") (citation omitted).
[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

2

potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Rice*, 617 F.3d at 807 (finding that if a federal prisoner brings a § 2241 petition that does not fall within the scope of this savings clause, then the

3

district court must dismiss the "unauthorized habeas motion . . . for lack of jurisdiction").

The Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). The Fourth Circuit has repeatedly held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). As the Supreme Court has told us, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner attempts to invoke § 2255's savings clause by citing to *Mathis* and *Hinkle*. In *Mathis*, the United States Supreme Court considered an Iowa burglary statute and held that "a state crime cannot qualify as an [Armed Career Criminal Act] predicate if its elements are broader than those of a listed generic offense." 136 S. Ct. at 2243. In *Hinkle*, the Fifth Circuit Court of Appeals held that a prior conviction for delivery of a controlled substance, in violation of Texas Health & Safety Code § 481.112(a), could not "serve as a predicate offense under the Career Offender Guideline provision." *Hinkle*, 832 F.3d at 576. Petitioner, however, fails to demonstrate that the holdings in *Mathis* and *Hinkle* have decriminalized the conduct—possession with intent to distribute cocaine

4

base—for which he was convicted. As Petitioner cannot satisfy the second prong of the *Jones* criteria, this court lacks jurisdiction to consider the petition in this case.

III.   Conclusion and Recommendation

Accordingly, the undersigned recommends the court dismiss the petition in the above-captioned case without prejudice and without requiring the respondent to file a return.

IT IS SO RECOMMENDED.

August 23, 2017  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).